**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSEPH SANCHEZ,** § | | |
| § | | |
| *Plaintiff* § | | |
| § | **C.A. NO. _____** | |
| **VS.** § | | |
| § | | |
| **WAL-MART STORES, TEXAS, LLC** § | **JURY DEMANDED** | |
| § | | |
| *Defendant* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW JOSEPH L. SANCHEZ, hereby becoming Plaintiff in the above-entitled and numbered cause, complaining of WAL-MART STORES TEXAS, LLC, Defendant, and for cause of action would respectfully show the Court the following:

**PARTIES**

1. Plaintiff JOSEPH L. SANCHEZ is an individual residing in Montgomery County, Texas. Plaintiff is domiciled in Texas and is a citizen of Texas for diversity of citizenship purposes.

2. Defendant WAL-MART STORES TEXAS, LLC ("WAL-MART") is a Delaware Limited Liability Company with its principal place of business in Arkansas. Therefore, WAL-MART is a citizen of Delaware and Arkansas for diversity of citizenship purposes.

**JURISDICTION**

3. This Court has jurisdiction over this lawsuit because this lawsuit arises under 28 U.S.C. § 1332 (a)(2): Plaintiff is a citizen of the State of Texas and Defendant is a citizen of Delaware and Arkansas. The amount in controversy in this case exceeds $75,000.

## VENUE

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff was injured by the negligence of Defendant in Montgomery County, Texas.

## BACKGROUND FACTS

5. On or about October 25, 2021, Plaintiff was a customer ("invitee") on the premises of Defendant WAL-MART'S store located at 18700 Highway 105 W, Montgomery County, Texas 77356. Plaintiff was entering the WAL-MART store when an automatic door malfunctioned and closed on Plaintiff's arm and body generally. As a result of this incident, Plaintiff was severely injured, including but not limited to suffering a broken wrist.

## NEGLIGENCE

6. At all times material hereto, Defendant was the owner and possessor in control of the premises located at 18700 Hwy 105 W, Montgomery, Texas 77356. On the occasion in question, Defendant was negligent in one or more of the following respects:

    a) failing to properly maintain its automatic door;

    b) failing to properly maintain and install a transom mount sensor to control its automatic door;

    c) failing to properly maintain an activation detection area;

    d) failing to properly maintain its automatic door;

    e) failing to properly maintain its activation sensor;

    f) failing to properly maintain its presence detection area;

    g) failing to properly monitor and maintain the opening and closing speed of the automatic door;

    h) failing to properly maintain the safety sensor;

      i)      failing to warn Plaintiff of the malfunctioning automatic door;

      j)      failing to repair the malfunctioning automatic door when Defendant knew or should have known that the automatic door was malfunctioning;

      k)      allowing an unreasonably dangerous condition of which Defendant knew or should have known, to exist on Defendant's premises and without warning Plaintiff.

7. Each of the foregoing acts, alone or in combination with the others, constitutes negligence and a violation of Defendant's duty of care to Plaintiff, which proximately caused the occurrence in question, and Plaintiff's damages.

## ACTUAL DAMAGES

8. As a proximate result of the negligence Defendant, Plaintiff was injured. Further, to the extent, if any, that Plaintiff suffered from any pre-existing condition, if any, the incident described above aggravated the pre-existing condition to the point that it became symptomatic or more symptomatic than it was before the incident. The negligence of Defendant has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damage in the future:

      1)      physical and mental pain and anguish;

      2)      loss of wage earning capacity;

      3)      physical impairment;

      4)      disfigurement; and

      5)      medical expenses.

## JURY DEMAND

9. Plaintiff hereby demands trial by jury.

## PRAYER

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff prays that Defendant be cited to

appear and answer herein and that on final trial Plaintiff have judgment against Defendant for:

1) damages to be determined by the jury in its sole discretion;
2) pre-judgment interest at the highest rate allowed by law;
3) post-judgment interest at the highest rate allowed by law;
4) costs of Court; and
5) such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE NIELSEN LAW FIRM, P.C**.

BY: */s/ Eric D. Nielsen*
ERIC D. NIELSEN
TBA#: 15021625
Fed. ID: 806
9800 NORTHWEST FRWY, SUITE 314
HOUSTON, TEXAS  77092
TEL:  (713) 524-4800
FAX:  (888) 587-9443
service@nielsentriallaw.com

**ATTORNEY IN-CHARGE FOR PLAINTIFF**