Case 4:22-cv-02682   Document 39   Filed on 11/28/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02682 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant's, Walmart Stores Texas, LLC, motion for summary judgment [DE 34]. Although discovery has ended and the time for filing a response to the defendant's motion has expired, the plaintiff, Joseph Sanchez, has failed to file a response or otherwise challenge the defendant's motion. Hence, while the Court cannot enter a default summary judgment based on the plaintiff's failures, his failure, the Court may accept the factual allegations reported in the defendant's motion as true and/or undisputed. Hence, the Court has examined the defendant's motion for summary judgment and related exhibits and determines that the defendant's motion for summary judgment is well taken and; therefore, should be granted.

**II.**

The unchallenged and undisputed facts show that on or about October 25, 2021, the plaintiff and his companion arrived the defendant store ostensibly purchase merchandise. They approached the front of the store from the parking lot with the intention that they would enter through the exit. The defendant storefront displays an entrance and an exit where automatic doors served both areas. Instead of using the entrance side of the store to enter, the plaintiff attempted

to enter through the exit side. The entrance doors respond to a signal when some outside approaches, causing the door to part. Likewise, the exit doors respond to a signal when someone inside the store approaches.

The summary judgment evidence shows that both the entrance and exit doors are marked with warning display signs that states: "DO NOT ENTER – AUTOMATIC DOOR." The word "CAUTION" is also displayed, in yellow print. The warnings are displayed at both, the bottom and top of the exit doors in view by persons who approach the store from the outside. As a result, the exit door sensors are not designed to open the exit doors from outside the store. The sensor is triggered from the inside and will keep the doors open momentarily for those who are exiting.

On the occasion of his visit, the plaintiff attempted to enter the store through the exist doors in spite of the warning displays. It is undisputed that the plaintiff was struck by the automatic doors as he attempted to enter through the exit. However, the defendant denies responsibility and/or liability for any alleged injuries incurred by the plaintiff. And, while the plaintiff asserts that the defendant was negligent in some respect, the defendant asserts that a negligence claim is unavailable to the plaintiff because, at the time, the defendant was not engaged in any activity from which a negligence claim might arise. Instead, the defendant asserts that the plaintiff's claim(s) are governed by the law applicable to premises liability. In this regard, the defendant argues that the plaintiff was adequately warned concerning attempts to enter its store through the exit doors.

**III.**

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to

return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## IV.

The Court is of the opinion and concludes that the plaintiff has failed to set forth facts that show the existence of a negligence claim against the defendant. There is no evidence that the defendant was engaged in any activity from which a claim for negligence might arise. *See United Scaffolding, Inc. v. Levine*, 537 S.W. 3d 463, 471 (Tex. 2017). Therefore, the plaintiff cannot effectively assert a negligence claim.

Similarly, the plaintiff cannot sustain a claim for premises liability. In order to create a disputed fact issue for a jury, the plaintiff must present facts showing that the defendant failed to use ordinary care tothe operations of the exit doors and/or make safe any dangerous condition concerning the exit doors. The evidence shows, conclusively, that the defendant warned the plaintiff not to enter its store through the exist doors. Hence, the Court finds and holds that an adequate warning was visibly displayed in a manner that an invitee, such as the plaintiff, would be without excuse if he attempts to enter the store through the exist door. Therefore, the defendant is

entitled to judgment on the plaintiff's premises liability claim, as a matter of law. *Henkel v. Norman,* 441 S.W. 3d 249, 252 (Tex. 2014).

It is so ORDERED that the defendant's motion for summary judgment be, and it is hereby, GRANTED.

SIGNED on November 28, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge